Daniel C. Cotman, (CA SBN 218315)
Cotman IP Law Group, APLC
281 East Colorado Blvd., #2630
Pasadena, CA 91101
(626) 405-1413
dan@cotmanlaw.com

J. Curtis Edmondson, (CA SBN 236105)
Law Offices of J. Curtis Edmondson
Wilshire Professional Building
9999 Wilshire Street, Suite 216
Portland, OR 97225
(503) 336-3749
(503) 482-7418 fax
jcedmondson@edmolaw.com

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CASCADE TRADE, LLC<br>    Plaintiff,<br><br>   v.<br><br>CULVER MOBILITY, INC<br>    Defendant. | Case No.:<br><br>**COMPLAINT FOR**<br><br>**(1)  Violation of the Lanham Act's Prohibition on False Descriptions in Commercial Advertising or Promotion under 15 U.S.C. § 1125(a)(1)(B)**<br><br>**(2)  Violation of California False Advertising Law ("FAL") under Business & Professions Code Sections 17500,** *et. seq.*.<br><br>**(3)  Violation of California Unfair Competition Laws ("UCL"); California Business & Professions Code Sections** |

) **17200,** *et seq*.
)

# INTRODUCTION

1. Mobility Wheelchairs and Mobility Scooters (collectively "Mobility Products") allow for a large segment of our society, such as the disabled and the elderly, to visit places that they could not otherwise visit due their limited physical mobility. The number of elderly people is estimated to exceed 50 Million people, a class of people most likely to have ambulatory problems as they age. The U.S. Census estimates that seven (7%) of the population has ambulatory problems.

2. Plaintiff CASCADE TRADE, LLC ("Cascade") is one of the leading importers and distributors of Mobility Products in the United States. The principals of this company have had significant experience in this field both in the importation and distribution of products and working closely with manufacturers for over twenty years. As such the principals are familiar with manufacturing facilities. Cascade understands the capabilities of their products, markets their Mobility Products without overstating their capabilities, and does not take advantage of the disabled and the elderly in their marketing. As a result, Cascade receives positive reviews of their products.

3. Defendant CULVER MOBILITY, INC. ("Culver") takes a different approach with their prospective customers. Culver consistently makes false representations of key facts about their products and seeks to increase their market share by selling below cost. What customers of Culver often discover is that these low-cost products do not operate as advertised.

4. Cascade is asking that this Court issue an order to prevent Culver from making false representations to the disabled and elderly in their advertisements and to compensate Cascade for their lost profits due to this unfair competition.

## PARTIES

5. Plaintiff CASCADE MOBILITY, INC. ("Cascade") is a California Corporation with business operations in Orange County, California

6. Defendant CULVER MOBILITY, INC. ("Culver") is a California Corporation with business operations in Orange County, California.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 1367, (Lanham Act).

8. Supplemental jurisdiction is proper for the State law claims o jurisdiction in this Court by filing its original Complaint.

9. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b and (check)

## FACTS COMMON TO THIS COMPLAINT

10. In the United States there is a significant segment of the population with mobility problems. This is due to a variety of factors: disabled at birth, disabled due to an accident, disabled due to weight, or disabled due to age. In many cases such people with such problems needs assistance from mobility equipment designed to enable them to move about more easily.

11. Culver is a distributor of Mobility Products manufactured in China. These products have a listed price that is attractive to the most vulnerable market segment, the low-income elderly and the disabled. For example, Culver sells a wide variety of electric wheelchairs, mobility devices and electric bikes on Amazon.

12. Culver has made and continues to make numerous false and material misstatements of fact in their Amazon product listings. These misstatements mislead and confuse both actual and potential customers.

13. Culver sells the Culver Mobility Kano, for example, as the "World's Lightest (only 35lbs) Foldable Electric Wheelchair, Travel Size, User-Friendly,

Wheelchairs for Adults Lightweight, Folding Power Chair 9 ("Kano"). The Kano is listed on Amazon as of October 17, 2023 at the Uniform Resource Locator ("URL") https://www.amazon.com/Mobility-Lightest-Foldable-Wheelchair-User-Friendly/dp/B0B7VM39PL. *See* Exhibit A. The Kano is priced on Amazon at $888.00 and comes in Blue, Black, White, and Red versions.

14. Culver claims its Kano chair is the "World's Lightest […] Foldable Electric Chair." This statement is patently false. While the Kano may be lighter weight than some Electric Chairs it is not the "World's Lightest."

15. The product title describes the Kano as being "35lbs" and yet the product specification states the Kano's item weight is "30lbs." Neither weight is accurate.

16. When describing the Kano customers say things like "[t]o start this chair is Heavy" and that the "chair was not what was advertised. It is not all terrain, arm rests don't lift, battery cannot be removed, then the wiring shorted out today while in a store and I was stranded. I am seriously disabled with great difficulty walking and needed a reliable chair. I saved up to buy an electric chair because I do not have the strength to use a manual chair. It arrived the last of October and stopped working Dec. 22, 2022. I am furious because I really needed a reliable chair. I cannot afford to return the chair so other than complain I don't know what to do."

17. Culver also sells the "Culver Best Rated Exclusive Dual "600W" Motors Deluxe Electric Wheelchair for Adults. All Terrain Heavy Duty Lightweight Foldable Dual Battery Travel Power Wheelchairs (Free Wheelchair RAMP Gift)" ("Dual 600w") on Amazon as of October 17, 2023 at the URL "https://www.amazon.com/Exclusive-Electric-Wheelchair-Lightweight-Wheelchairs/dp/B08PV1BXP5/." The Dual 600w is listed at $1,999.00. *See* Exhibit B.

18. Culver offers a "Free Wheelchair RAMP Gift" with its Dual 600W chair which it does not actually provide according to multiple customers. One

customer stated, "I was supposed to receive a wheelchair ramp with it and it never did come" and another stated "not charging also no ramp."

19. The Dual 600W is advertised as being "Satisfaction Guaranteed 100%" and yet there is no such guarantee. One customer complained "The electrical system is faulty. There is no customer service. You cannot contact anyone for repair. You can return it but in the original packaging which is gone and at your own expense."

20. Another customer who purchased the Dual 600W stated they "recently ordered this wheelchair but the seat height was not advertised correctly, upon multiple calls trying to reach them for an exchange, they totally IGNORED MY MESSAGES." The customer "opted for a return and it took Amazon Customer service to intervene on my behalf. They finally responded and had me pay $202 to ship it back!!! Total waste of money and I get nothing in return. […] Absolutely NO CUSTOMER SERVICE FROM CULVER MOBILITY." Such actions are hardly supportive of there being a 100% "satisfaction guarantee" as customer are clearly dissatisfied given the false representations made by Culver.

21. Culver further claims their products are "100% Guaranteed" when nothing could be further from the truth. Not only are the purchased products difficult to return but Culver does not provide a level of customer services that enables purchasers to interface with them when issues arise. The statement that any purchase from Culver is "RISK-FREE" is false. Moreover, the concept of a there being an actual guarantee of the product is also false.

22. Culver also sells the "Culver Mobility Leopard Lightweight Foldable Weatherproof Exclusive Electric Wheelchair, Portable, Brushless Powerful Motors, Dual Battery, All Terrain" ("Leopard") on Amazon as of October 17, 2023 at the URL "https://www.amazon.com/Lightweight-Weatherproof-Exclusive-Wheelchair-Brushless/dp/B09LQ42HB2". The Leopard is listed at $1,999.00 and comes in black and grey versions. *See* Exhibit C.

23. Culver claims its Leopard chair is a "dual motorized (250W x 2 Brushless Motor)" wheelchair that "provides an extra distance of up to 20 miles." This is false. The Leopard contains no such additional battery for extra distance.

24. Culver does not have the proper certifications to ship such a battery and misrepresents the nature of the battery offered.

25. Culver further claims its Leopard chair is "airline approved so you will have all necessary and most safety features as a default." This statement is also untrue. No airline has "approved" use of the Leopard nor does it have the "most safety features" despite making such a written claim.

26. Culver claims purchases of the Leopard are a "RISK-FREE PURCHASE" where Culver promises to "guarantee your happiness and satisfaction. If the products you received have missing parts, please contact us ASAP. We offer a one-year spare parts warranty and six months of battery warranty. We also offer 30 days return and a full refund for your Electric Wheelchairs."

27. There is no such guarantee and purchases of the Leopard are certainly not "RISK-FREE." Culver charges a return shipping charge that is undisclosed until a customer wishes to return the purchased product.

28. Culver also sells the "Culver Mobility - Wolf Remote, One Click Automatic Fold and Unfold, Super Horse Power (600W Motor Power) - Longest Range (up to 25miles with 20AH Battery)" on Amazon as of October 17, 2023 at the URL "https://www.amazon.com/Culver-Mobility-Automatic-Longest-25miles/dp/B0BSQSLRS9" ("Wolf"). Listed at $1,649.00. *See* Exhibit D.

29. Culver claims its Wolf chair has the "Longest Range" and "can travel up to an impressive 25 miles with the batteries on a single charge, so you don't have to worry about being stuck far from home." Such a statement grossly exaggerates the range of the Wolf chair under normal operating circumstances with an intent to mislead consumer into believe the Wolf chair can regularly accommodate such "impressive" distances.

30. The false and misleading statements made in product listing advertising Culver's products are only made for purpose of misleading potential customers, many of whom are elderly or disabled. The goal of Culver's misstatements appears to be to get customer to believe Culver is a trustworthy company when it nothing of the sort.

## COUNT I
### Violation of the Lanham Act's Prohibition on False or Misleading Descriptions of Fact in Commercial Advertising or Promotion under 15 U.S.C. § 1125(a)(1)(B)

31. Cascade restates and incorporates by reference as if fully set forth herein the preceding paragraphs above.

32. Title 15 of the United States Code prohibits false or misleading descriptions of fact in commercial advertising or promotion. 15 U.S.C. 1125(a)(1)(B)

33. The United States Code states: "(a) Civil Action (1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which [ ] (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

34. Cascade and Culver are direct competitors in the United States market for Mobility Products.

35. Culver makes false or misleading descriptions of facts or false or misleading representations of fact of their product listings as described above.

36. These descriptions and representations are material, and the representations are specific and are not advertising puffery. These features are made on Amazon.com, which is a significant distribution outlet where a large majority of Culver's sales are made to elderly and disabled customers.

37. Purchasing a mobility product is a significant investment for those who need mobility assistance.

38. These false misleading marketing statements have caused and continue to case Cascade competitive harm. Consumers believe that when they purchase a mobility product from Culver they are getting a product that has the features as advertised. Instead, they are getting a substandard product that falls short of what is described. Due to shipping costs and a short return period for products that are "satisfaction guaranteed 100%," consumers are then "stuck" with the product that is not what was advertised.

## COUNT II
### Violation of California False Advertising Law ("FAL") under Business & Professions Code Section 17500, et seq.

39. Cascade restates and incorporates by reference as if fully set forth herein the preceding paragraphs above.

40. California Business & Professions Code 17500, prohibits false or misleading advertising, which "is untrue or misleading, and which is known, or . . . should be known, to be untrue or misleading." Cal. Bus. & Prof. Code § 17500.

41. Defendant has violated Section 17500 of the California Business & Professions Code.

42. Culver makes numerous false or misleading statements on its Amazon listings as more fully alleged above.

43. Defendant's product listings on Amazon contain material misstatements that are not true and/or misleading.

44. As a result, Defendants violated, and continues to violate, Sections 17500 to induce consumers to make purchase relying on false and misleading statements.

45. Defendant's misrepresentations were intended to cause consumers to rely upon these statements when making a purchase as the products being sold to elderly and disabled consumers under the Culver banner on Amazon are "100% satisfaction guaranteed."

46. Defendant's misrepresentations and misstatements are a substantial factor and the proximate cause of loses to Plaintiff.

## COUNT III

### Violation of California's Unfair Competition Law ("UCL")
### California Business and Professions Code § 17200, et seq.

47. Cascade restates and incorporates by reference as if fully set forth herein the preceding paragraphs above.

48. The UCL defines "unfair business competition" to include any "unlawful, unfair or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising. Cal. Bus. Prof. Code § 17200.

49. The UCL imposes strict liability. Plaintiff need not prove that Culver intentionally or negligently engaged in unlawful, unfair, or fraudulent business practices – but only that such practices occurred.

"Unfair" Prong

50. A business act or practice is "unfair" under the UCL if it offends an established public policy or is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers, and that unfairness is determined by weighing

the reasons, justifications and motives of the practice against the gravity of the harm to the alleged victims.

51. Culver's actions constitute "unfair" business practices because, as alleged above, Culver engaged in misleading and deceptive advertising that falsely described the offered product and offered "guarantees" and features that were not present.

52. Culver's acts and practices offended an established public policy of transparency and truthfulness in advertising. Culver's actions amount to immoral, unethical, oppressive, and unscrupulous activities that are substantially injurious to the elderly and disabled consumers who typically purchase Culver's line of mobility products.

53. The harm to Plaintiff outweighs the utility of Culver's misleading business practices. There were reasonably available alternatives, such as accurately presenting the products specifications and features and actually supporting the "100% guarantee" to further Culver's legitimate business interests other than by way of the misleading and deceptive conduct described herein.

"Fraudulent" Prong

54. A business act or practice is "fraudulent" under the UCL if it is likely to deceive members of the consuming public.

55. Culver's acts and practices alleged above constitute fraudulent business acts or practices as they have deceived members of the consuming public. Consumers, many of which are elderly or disabled, relay on Culver's fraudulent and deceptive representations regarding its products. These misrepresentations played a substantial role in a consumer's decision to purchase a Culver product and such consumers would not have purchased these products without Culver's misrepresentations.

"Unlawful" Prong

56. A business act or practice is "unlawful" under the UCL if it violates any other law or regulation.

*57.* Culver's acts and practices alleged above constitute unlawful business acts or practices as they violate state and federal law in connection with their deceptive advertising scheme.

58. As alleged herein, Culver further violates the Lanham Act's Prohibition on False Descriptions in Commercial Advertising or Promotion under 15 U.S.C. § 1125(a)(1)(B).

*59.* As alleged herein, Culver further violates California's False Advertising Law ("FAL") under Business & Professions Code Sections 17500, *et. seq.*

*60.* As alleged herein below, Culver further violates California's Cal. Civ. Code § 1770 *et. seq.*

## PRAYER FOR RELIEF

WHEREFORE, Cascade prays that:

1. Actual Damages for false advertising;
2. Disgorgement of Profits for false advertising;
3. Injunction ordering Culver to take down its Amazon listings and further prohibiting Culver from placing listings with false or misleading factual information on Amazon or any other Internet marketplace;
4. Preliminary and Permanent Injunction as provided for under California Business & Professions Code §§ 17000, etc., and §§ 17500, etc.;
5. Actual Damages and Treble Damages under California Business & Professions Code §§ 16750, etc., §§ 17000, etc., and §§ 17500, etc.;
6. The Court award Cascade its attorney's fees and costs under the Lahman Act and/or California Business & Professions Code §§ 16750, etc., §§ 17000, etc., and §§ 17500, etc. or on any other basis; and
7. The Court award Cascade such other and further relief as the Court deems appropriate.

| | |
|---|---|
| Dated: November 12, 2023 | COTMAN IP LAW GROUP, APLC |
| | |
| | By  //Daniel Cotman// |
| | Daniel C. Cotman, (CA SBN 218315) |
| | Cotman IP Law Group, APLC |
| | 281 East Colorado Blvd., #2630 |
| | Pasadena, CA 91101 |
| | (626) 405-1413 |
| | dan@cotmanlaw.com |
| | |
| | J. Curtis Edmondson, (CA SBN 236105) |
| | Law Offices of J. Curtis Edmondson |
| | Wilshire Professional Building |
| | 9999 Wilshire Street, Suite 216 |
| | Portland, OR 97225 |
| | (503) 336-3749 |
| | (503) 482-7418 fax |
| | jcedmondson@edmolaw.com |
| | |
| | *Attorneys for Plaintiff Cascade.* |

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**